# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NORTH CAROLINA

### (ASHEVILLE DIVISION)

FILED
ASHEVILLE, NC

MAY 0 1 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Case NO. 1:26-cv- ||9 – M R – W C M

**FRANKLIN T. SCOTT,**

**Plaintiff,**

**v.**

**SANTANDER CONSUMER USA, INC.; BLAIR TOWING & RECOVERY; JEAN MARIE CHRISTY, in her official and individual capacity as Clerk of Superior Court for Buncombe County; M. STONE, CODY GARRETT, and L. HALL, in their official and individual capacities as Deputy/Assistant Clerks of Superior Court;**

**Defendants.**

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

# NC STATE STATUTORY VIOLATIONS

# & INJUNCTIVE RELIEF

*(JURY TRIAL RESPECTFULLY DEMANDED)*

Page 1 of 29
Scott v. Santander Consumer USA, Inc. *et al.*

NOW COMES the Plaintiff, Franklin T. Scott, a 100% Service-Connected Disabled Veteran appearing *Pro Se,* and *respectfully* files this Complaint against the above-named Defendants.

# I. NATURE OF THE ACTION

1. **This is a civil action seeking redress for a coordinated deprivation of constitutional due process, extortionate debt collection practices, and willful violations of the Fair Credit Reporting Act (FCRA).**

2. **Prior to filing this action, Plaintiff made exhaustive, documented, good-faith efforts** to resolve this matter amicably. Plaintiff did not initially seek monetary damages, title reclamation, or a financial windfall. **Plaintiff requested only a single, reasonable accommodation, multiple times and ways: the deletion of a demonstrably inaccurate and weaponized trade line from his credit report.**

3. This simple deletion was requested so Plaintiff could utilize his earned VA home loan benefits to purchase a home in Hinesville, Georgia, thereby escaping a **hostile living environment** and **corrupt local governance.**

4. Instead of granting this cost-free resolution, **Defendant Santander Consumer USA ("Santander") maliciously weaponized Plaintiff's credit report to extort a $21,005 deficiency balance on a 2014 BMW X3—the** same vehicle that Santander had explicitly **"abandoned their interest in"**

Scott v. Santander Consumer USA, Inc. *et al.*

after being totaled during the catastrophic flooding of Hurricane Helene (FEMA declared Disaster).

5. Simultaneously, **Defendant Blair Towing & Recovery** colluded with the **Buncombe County Clerk of Superior Court Defendants** to execute an **unlawful and unfair sale** of the abandoned vehicle. Despite a formal petition explicitly admitting that Plaintiff was *never lawfully served* with notice, the **Clerk Defendants rubber-stamped a void title transfer, allowing Blair Towing to "purchase" the vehicle for $10.00.**

6. *Defendants' collective greed and systemic disregard for due process have destroyed Plaintiff's credit, derailed his out-of-state relocation, and necessitated this federal litigation.*

# II. JURISDICTION AND VENUE

7. **This Court has subject matter jurisdiction** over Plaintiff's federal claims pursuant to **28 U.S.C. § 1331 (Federal Question),** as this action arises under the **Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Civil Rights Act of 1871, 42 U.S.C. § 1983.**

8. **This Court has supplemental jurisdiction** over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367,** as they are so related to the federal claims that they form part of the same case or controversy.

Scott v. Santander Consumer USA, Inc. *et al.*

9. **Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2),** as a substantial part of the events, omissions, and property seizures giving rise to the **claims occurred in Buncombe County, North Carolina.**

# III. PARTIES NAMED HEREIN

10. **Plaintiff Franklin T. Scott** is a 100% Service-Connected Disabled combat veteran and a resident of Buncombe County, North Carolina.

11. **Defendant Santander Consumer USA, Inc.** is a foreign corporation engaged in subprime auto lending and debt collection, conducting substantial business within the State of North Carolina.

12. **Defendant Blair Towing & Recovery** is a domestic corporate entity operating in Asheville, North Carolina, engaged in the towing, storage, and sale of motor vehicles.

13. **Defendant Jean Marie Christy** is the elected Clerk of Superior Court for Buncombe County. She is sued in her official and individual capacities for maintaining a systemic custom and policy that deprives citizens of property without due process.

14. **Defendants M. Stone, Cody Garrett, and L. Hall** are Assistant and Deputy Clerks of Superior Court for Buncombe County. They are sued in their official and individual capacities for executing judicial orders authorizing

Scott v. Santander Consumer USA, Inc. *et al.*

the seizure and sale of property without subject matter jurisdiction or lawful service of process.

# IV. FACTUAL ALLEGATIONS

## A. The Impoundment and Abandonment of the Collateral

15. In 2024, Plaintiff financed the purchase of a **2014 BMW X3 (VIN ending in 5UXWX9C53E0D40009)** through Defendant Santander Consumer USA.

16. On or around March 24, 2025, the vehicle was impounded by Defendant Blair Towing & Recovery.

17. Because the vehicle had been subjected to flood conditions by FEMA Disaster Hurricane Helene, the vehicle was towed by Police, through Defendant Blair Towing, due to Unsafe Conditions.

18. On May 14, 2025, Defendant Santander officially reviewed the account and made the calculated, deliberate business decision to officially abandon its secured interest in the vehicle, determining that recovery costs exceeded the asset's value **(See Exhibit A).**

## B. The Unlawful and Unfair Sale Causing Deprivation of Due Process

19. **Following Santander's abandonment, Defendant Blair Towing initiated a fraudulent scheme to strip the vehicle's title and assume ownership**

Scott v. Santander Consumer USA, Inc. *et al.*

without affording Plaintiff his constitutional right to due process (See Exhibit A).

20. On May 23, 2025, the North Carolina Division of Motor Vehicles explicitly notified Blair Towing that certified mail sent to Plaintiff regarding the vehicle had been returned as undeliverable, requiring Blair Towing to seek judicial authorization to proceed.

21. On June 24, 2025, Blair Towing filed a "Petition for Authorization to Sell Motor Vehicle" with the Buncombe County Clerk of Superior Court. On the face of the petition, Blair Towing explicitly checked the box admitting that the required certified mail notice was returned as undeliverable (See Exhibit B).

22. *North Carolina law and the Fourteenth Amendment of the U.S. Constitution strictly require alternative service of process when certified mail fails before a citizen can be stripped of their property* (See Exhibit C).

23. Furthermore, Plaintiff asserts the certified mail had no reason to fail, had it actually been executed.

24. Despite the glaring admission of failed service on the petition itself, and the lack of Blair Towing seeking a hearing following the lawful instructions of The NCDMV that, "A Hearing Must Be Performed," Defendant Deputy Clerks M. Stone and Cody Garrett willfully ignored

Scott v. Santander Consumer USA, Inc. *et al.*

statutory mandates and rubber-stamped an "Order Authorizing Motor Vehicle Sale" on June 24, 2025 **(See Exhibit D).**

25. *Operating under this void, unconstitutional state order,* **Defendant Blair Towing held a fictitious "public sale" on August 6, 2025, wherein Blair Towing & Recovery "sold" the vehicle to itself for the unconscionable sum of exactly $10.00. Defendant Deputy Clerk L. Hall subsequently signed the void title transfer order (See Exhibit E).**

26. **Defendant Jean Marie Christy, acting as the elected Clerk of Superior Court, has failed to adequately train and supervise her deputies, resulting in a systemic, unconstitutional policy whereby her office routinely strips citizens of their property rights based on facially defective petitions lacking lawful service of process.**

27. *The unlawful acts of this office have resulted in the loss of three vehicles, an apartment through an illegal lockout, and all personal property for this Plaintiff alone. The Systemic lack of knowledge of "Black Letter Law" in the Buncombe County Clerk's office is astounding, and is unlikely to be a singular occurrence or unique to the Plaintiff.*

## C. Extortion and FCRA Violations

28. **Having intentionally abandoned the collateral to Blair Towing rather than mitigating its financial losses,** Defendant Santander then weaponized the resulting deficiency balance against the Plaintiff.

29. **Santander began aggressively reporting a derogatory "Collection/Charge-Off"** status to all major credit bureaus with an inflated, unmitigated deficiency balance of $21,005 **(See Exhibit A and F).**

30. **Plaintiff aggressively exhausted his administrative remedies,** filing formal disputes directly with Santander and the major credit reporting agencies, highlighting the abandonment of the asset and demanding accuracy **(See Exhibit F).**

31. **Furthermore, Plaintiff filed a formal regulatory complaint with the North Carolina Department of Justice (NC DOJ Case No: CP-26-01244). Santander willfully ignored the state regulator and failed to respond by the Attorney General's February 4, 2026 deadline (See Exhibit G).**

32. **On February 9, 2026, and again on March 9, 2026, Plaintiff sent Defendant Santander a formal Notice of Intent to Sue and a Final Settlement Offer, explicitly offering to sign a Non-Disclosure Agreement**

and walk away entirely if Santander simply deleted the retaliatory trade line (See Exhibit H).

33. Santander willfully ignored these good-faith attempts to mitigate litigation, refusing to conduct a *reasonable, and more pertinent, an honest and fair* investigation under 15 U.S.C. § 1681s-2(b). Refusing to compromise and delete the extortionate reporting aided in blocking Plaintiff from utilizing his VA home loan benefits, ultimately contributing to a loss of housing and a "snowball effect" of other life destroying events.

# V. CAUSES OF ACTION

## 34. <u>COUNT I: 42 U.S.C. § 1983 Deprivation of Due Process Under Color of State Law</u>

*(Against Blair Towing & Recovery, M. Stone, Cody Garrett, and L. Hall)*

35. *Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.*

36. Defendants Stone, Garrett, and Hall, acting under color of state law, deprived Plaintiff of his property without due process of law in violation of the Fourteenth Amendment.

37. By issuing the "Order Authorizing Motor Vehicle Sale" despite Blair Towing's explicit written admission that certified mail service failed, the

Scott v. Santander Consumer USA, Inc. *et al.*

**Deputy Clerk Defendants** acted entirely **without subject matter jurisdiction and bypassed mandatory statutory service requirements.**

38. **Defendant Blair Towing & Recovery acted jointly and in concert with these state officials to effectuate this unconstitutional seizure, rendering them liable under § 1983 as joint state actors.**

39. <u>**COUNT II: 42 U.S.C. § 1983–Supervisory Liability and Failure to Train**</u>

<u>**(Against Defendant Jean Marie Christy)**</u>

40. *Plaintiff incorporates by reference all preceding paragraphs.*

41. **Defendant Jean Marie Christy, as the elected Clerk of Superior Court,** possesses final policy making authority for the Buncombe County Clerk's Office.

42. *Christy has fostered, maintained, and permitted an unconstitutional custom and policy* wherein Deputy Clerks **routinely authorize** the seizure and sale of citizens' property **without verifying lawful service of process, statutory requirements, or lawful authority over the subject matter.**

43. **This deliberate indifference and failure to train her subordinates was the direct and proximate cause of the unconstitutional taking of Plaintiff's vehicle.**

## 44. COUNT III: Violation of the Fair Credit Reporting Act

## (15 U.S.C. § 1681s-2(b))

*(Against Defendant Santander Consumer USA)*

45. *Plaintiff incorporates by reference all preceding paragraphs.*

46. **Defendant Santander operates as a "furnisher" of information under the FCRA.**

47. After being notified of Plaintiff's formal disputes by the Consumer Reporting Agencies (CRAs), the CFPB, and the North Carolina Department of Justice, **Santander willfully and/or negligently failed to conduct a reasonable (honest) investigation into the disputed information.**

48. **Santander maliciously continued to report a highly damaging $21,005 "Charge-Off" status on an asset they had voluntarily abandoned, was worth less than $7k, and was flooded by Hurricane Helene, weaponizing Plaintiff's credit profile to coerce payment of an unmitigated deficiency.**

## 49. COUNT IV: Violation of the N.C. Debt Collection Act & Unfair and Deceptive Trade Practices (N.C.G.S. § 75-1.1 et seq.)

*(Against Defendants Santander and Blair Towing)*

50. *Plaintiff incorporates by reference all preceding paragraphs.*

51. **Defendant Santander's attempt to extort a $21,005 deficiency balance, when purchase price was $17k, loan balance $18k, and KBB.com value**

Scott v. Santander Consumer USA, Inc. *et al.*

of just $4k, on a vehicle they intentionally abandoned to a tow yard constitutes an unfair, deceptive, and unconscionable debt collection practice under N.C.G.S. § 75-50.

52. Defendant Blair Towing engaged in Unfair and Deceptive Trade Practices affecting commerce by fraudulently utilizing state court petitions to strip a vehicle title without notice, and subsequently executing a sham sale to purchase a 2014 BMW X3 for $10.00.

53. Defendants' actions warrant the imposition of treble (triple) damages pursuant to N.C.G.S. § 75-16.

54. <u>COUNT V: Violation of Uniform Commercial Code (UCC) Article 9</u>

*(Against Defendants Santander and Blair Towing)*

55. *Plaintiff incorporates by reference all preceding paragraphs.*

56. Under UCC Article 9, a secured creditor and/or warehouseman must dispose of collateral in a strictly "commercially reasonable" manner.

57. Allowing a 2014 BMW X3 to be sold for $10.00 to the very entity executing the sale is commercially unreasonable on its face, legally barring Santander from collecting any resulting deficiency balance.

Scott v. Santander Consumer USA, Inc. *et al.*

**58. COUNT VI: Breach of the Implied Covenant of Good Faith And Fair Dealing**

*(Against Defendant Santander)*

59. *Plaintiff incorporates by reference all preceding paragraphs.*

60. **By electing to formally abandon their secured collateral on May 14, 2025, rather than mitigate their financial losses through salvage, recovery, or insurance claims, Santander willfully breached the implied covenant of good faith and fair dealing** inherent in the financing contract, intentionally maximizing Plaintiff's debt burden.

**61. COUNT VII: Action on Official Bond (N.C.G.S. § 58-76-5)**

*(Against the Clerk Defendants and their Respective Surety Bonding Company)*

62. *Plaintiff incorporates by reference all preceding paragraphs.*

63. **Pursuant to North Carolina law, the Clerk Defendants are required to be bonded** to ensure the faithful performance of their duties.

64. **The Deputy Clerk Defendants engaged in severe misconduct and misbehavior in office by authorizing the seizure and sale of Plaintiff's property upon a petition that openly admitted a failure of lawful service.**

Scott v. Santander Consumer USA, Inc. *et al.*

65. Defendant Jean Marie Christy engaged in neglect and misbehavior in office by failing to supervise and train her administrative staff, directly leading to the deprivation of Plaintiff's constitutional rights.

66. Under N.C.G.S. § 58-76-5, Plaintiff has a direct right of action against both the Clerk Defendants and their official surety (Surety Company) for all damages resulting from this misconduct.

67. <u>**COUNT VIII: Common Law Conversion**</u>

**(Against Defendant Blair Towing & Recovery)**

68. *Plaintiff incorporates by reference all preceding paragraphs.*

69. Under North Carolina common law, conversion is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.

70. Plaintiff was the lawful owner and/or had the immediate right to possession of the 2014 BMW X3, and was never Lawfully Served.

71. Therefore, Defendant Blair Towing wrongfully, intentionally, and unlawfully exercised dominion and control over Plaintiff's vehicle by executing a void title transfer and sham sale to purchase the vehicle for $10.00, permanently depriving Plaintiff of his property.

Scott v. Santander Consumer USA, Inc. *et al.*

**72.** As a direct and proximate result of Defendant Blair Towing's conversion, Plaintiff has **suffered actual damages equal to the fair market value of the vehicle at the time of the conversion, plus interest, loss of use, and loss of personal property (Clothing, Prescription Nike Eyeglasses, Samsung Pro 3 earbuds).**

# VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants and grant the following relief:**

*A. Declaratory Relief: A declaration that the June 24, 2025 Order Authorizing Sale and subsequent title transfer are void ab initio due to a lack of subject matter jurisdiction and failure of due process.*

*B. Injunctive Relief: An immediate order compelling Defendant Santander to permanently delete the derogatory trade line from all credit reporting agencies and zero out the deficiency balance.*

*C. Statutory & Compensatory Damages: Award Plaintiff statutory and actual damages under the **FCRA, 42 U.S.C. § 1983, and state common law conversion for the destruction of his credit and the illegal seizure of his property.***

Scott v. Santander Consumer USA, Inc. *et al.*

**D. Treble Damages:** *Award Plaintiff treble damages against Santander and Blair Towing pursuant to* **N.C.G.S. § 75-16 for willful Unfair and Deceptive Trade Practices.**

**E. Punitive Damages:** *Award Plaintiff punitive damages against Santander, Blair Towing, and the Clerk Defendants for their willful, malicious, and coordinated deprivation of Plaintiff's constitutional and statutory rights.*

**F. Plaintiff respectfully Prays the Jury to award an aggregate amount of at least $1,000,000.00 reflecting the severity of the malicious, unjust, and harmful acts herein, and is a sufficient amount to punish, deter, and effect change.**

**G. ORDER a referral of the systemic, unconstitutional practices of the Buncombe County Clerk of Superior Court to the United States Department of Justice (USDOJ) and the United States Attorney for the Western District of North Carolina** *for civil rights and public corruption investigation.*

**H. Any such other and further relief** *as this Court deems just and equitable.*

**JURY DEMAND**

*Plaintiff demands a trial by jury on all issues so triable.*

Scott v. Santander Consumer USA, Inc. *et al.*

**_Respectfully Submitted this 1ˢᵗ Day of May, 2026._**

**/s./Franklin T. Scott, _Plaintiff Pro Se_**

1 Sunset Hills Drive Asheville, NC 28803

**Displaced Address: General Delivery, USPS**

**Asheville, NC 28803**

frankie.t.scott@outlook.com

# VII. VERIFICATION UNDER PENALTY OF PERJURY

**(Pursuant to 28 U.S.C. § 1746)**

**I, Franklin T. Scott, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Complaint and that the factual allegations contained therein are true and correct to the best of my own personal knowledge, information, and belief.**

**DISCLOSURE OF GENERATIVE AI USE**

**Plaintiff hereby discloses that Generative Artificial Intelligence (AI) was utilized strictly as an administrative drafting assistant for the purposes of spelling, grammar, structural formatting, and stylistic refinement. All factual allegations, legal arguments, statutory references, and causes of action contained within this Complaint have been independently researched, reviewed, and physically verified by the Plaintiff.**

**Executed this 1ˢᵗ Day of May, 2026.**

**Franklin T. Scott, Plaintiff _Pro Se_**

Scott v. Santander Consumer USA, Inc. _et al._